IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL SCOTT TUNSTALL,

    Petitioner,               No. CIV S-06-0396 MCE JFM P

    vs.

TOM L. CAREY, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

                              /

          Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of twenty-six years to life in prison following his 1983 conviction on charges of first degree murder, robbery, and use of a weapon. By this action, petitioner claims that his constitutional rights have been violated by the failure of the California Board of Prison Terms (BPT) to release him on parole and the failure of officials with the California Department of Corrections and Rehabilitation (CDCR) to properly calculate his good time behavior credits. Respondents have moved to dismiss this action as barred by the one year statute of limitations codified at 28 U.S.C. § 2244 and for failure to state a cognizable claim for relief in this federal habeas corpus action.

/////

/////

1

Section 2244(d)(1) of Title 28 of the United States Code provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) of the same title provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The limitation period set forth in § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' . . . , even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004); see also Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003) (§ 2244(d) applies to state parole board decisions).

In the petition, petitioner alleges that in 1993 his minimum eligible parole date (MEPD) was set at November 29, 1997. (Petition, filed February 27, 2006, at 5.) Petitioner does not challenge a specific decision of the BPT denying him parole. (Id. at 6.) Instead, petitioner claims that, under applicable provisions of California law, petitioner was entitled to release on

/////

2

1 parole on his MEPD and that the BPT lacks authority to deny petitioner release on parole after
2 that date.  Respondent contends this claim is time-barred.

3       In Redd, the United States Court of Appeals for the Ninth Circuit held that the
4 provisions of § 2244(d)(1)(D) apply to habeas petitions challenging the decisions of
5 administrative bodies.  See Shelby, 391 F.3d at 1066 (citing Redd, 343 F.3d at 1081-83).  "Under
6 subsection (D), the limitation period begins to run on 'the date on which the factual predicate of
7 the claim or claims presented could have been discovered through the exercise of due
8 diligence.'"  Shelby, at 1066 (quoting 28 U.S.C. § 2244(d)(1)(D).)

9       Petitioner's MEPD, set on November 8, 1993, was November 29, 1997.  That is
10 the date on which petitioner could and should have discovered the factual predicate for his claim
11 that his constitutional rights were violated by the failure to release him on parole on his MEPD.
12 In his opposition, petitioner contends that he was unaware of the legal bases for his claim until he
13 was so advised by other inmates during "recently created 'Lifer Meetings.'"  (Opposition to
14 Motion to Dismiss, filed October 12, 2006, at 2.)  Petitioner's contention is unavailing, as
15 discovery of the factual basis for a claim is the operative criteria for statute of limitations
16 purposes.

17       Petitioner knew or should have known on or about November 30, 1997 that he
18 had not been released from prison on his MEPD.  This action was not filed until February 2006,
19 almost eight and one half years later.  Petitioner's claims arising from the failure of state officials
20 to release him on parole on his MEPD is barred by the statute of limitations.

21       Petitioner also claims that the CDCR has not applied against his sentence all good
22 time credits to which he is entitled.[1]  Review of the petition shows that, notwithstanding the
23 references therein to the United States Constitution, petitioner's claims concerning the

---

[1] Intertwined with this claim are contentions that petitioner has been improperly classified as a life prisoner and also that it is error to require that he first receive a parole date from the BPT before good time credits are applied against his sentence.  (See Petition, at 2-3.)

3

application of good time credits to his sentence are grounded in state law.  A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts.  <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985), <u>Gutierrez v. Griggs</u>, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is unavailable for alleged error in the interpretation or application of state law.  <u>Middleton v. Cupp</u>, 768 F.2d at 1085; <u>see</u> <u>also</u>, <u>Lincoln v. Sunn</u>, 807 F.2d 805, 814 (9th Cir. 1987); <u>Givens v. Housewright</u>, 786 F.2d 1378, 1381 (9th Cir. 1986).  Accordingly, this claim should be dismissed.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondents' July 18, 2006 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 21, 2006.

UNITED STATES MAGISTRATE JUDGE

12
tuns0396.mtd